[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Lydia Rivera, seeks damages against the defendant city of New Haven after being terminated from her employment as a probationary police officer. The action is brought pursuant to 42 U.S.C. § 1983 and1988, and common law tenets concerning employment discrimination.
For purposes of the instant motion for summary judgment, it appears to be undisputed that the city's board of police commissioners accepted the plaintiff for admission into the New Haven police academy as a probationary police officer on February 23, 1995. According to the standards of the municipal police training council (MPTC), all candidates who attend the academy must meet certain academic requirements. The educational standards for the training of police officers, set forth in the academy student handbook, which is given to all candidates upon arrival at the academy, require. that a candidate maintain a minimum grade point average of 80 percent in all tested subject areas. The plaintiff failed, however, to maintain the minimum grade point average of 80 percent, despite being given the opportunity to retake the examinations that she failed.[1] Thus, according to the standards of the MPTC outlined in the academy's student handbook, the plaintiff was subject to dismissal for her failure to maintain the necessary grade point average. On August 25, 1995, after a hearing on the matter, the board voted to terminate the plaintiff's employment because she failed to meet the academic requirements for graduation, in particular her failure to maintain the minimum grade point average of 80 percent in certain of her academic subjects.
On September 6, 1996, the plaintiff filed this one count complaint alleging that gender in terminating her employment, the defendant unlawfully discriminated against her on the basis of her. The defendant filed an answer and special defenses, which it later amended on March 23, 1998.
On June 15, 1998, the defendant filed a motion for summary judgment. In support of its motion, the defendant attached a memorandum of law, the CT Page 1450 affidavits of Nicholas Proto, executive officer of the academy, and Richard Epstein, president of the board, and various other documents. On July 16, 1998, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment, unsupported by affidavits or other documentary evidence. For reasons which are unclear, but which are also not relevant to the decision in this matter, the motion was not argued before the undersigned until January 16, 2001, with trial scheduled for the week of January 29, 2001.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.) Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481,697 A.2d 680 (1997).
The defendant argues that (1) the plaintiff has sued the improper party; (2) the plaintiff has failed to exhaust her administrative remedies; (3) the plaintiff's noncompliance with the provisions of General Statutes § 7-294a et seq., mandated her termination; and (4) the intent of the defendant in terminating the plaintiff's employment was not motivated by her gender or ethnic origin.[2] In response, the plaintiff argues in her memorandum of law, and the defendant and this court agree, that "[t]he issue, then, really . . . [is] whether there is sufficient evidence to permit a jury to infer that ethnicity or gender was at least one of the motivating factors in the [defendant's] employment decision." (Internal quotation marks omitted.).
In order to have her case reach a jury, the plaintiff must be able to establish a prima facie case of discrimination. See Ann Howard's ApricotsRestaurant, Inc. v. CHRO, 237 Conn. 209, 224-25, 676 A.2d 844 (1996). Often, however, "a plaintiff cannot prove directly the reasons that CT Page 1451 motivated an employment decision . . . [therefore] a plaintiff may establish a prima facie case of discrimination through inference by presenting facts [that are] sufficient to remove the most likely bona fide reasons for an employment action. . . ." (Citation omitted; internal quotation marks omitted.) Id., 224. "It is in these instances that theMcDonnell Douglas-Burdine model of analysis must be employed." (Emphasis in original.) Id., 225; see McDonnell Douglas Corp. v. Green, 411 U.S. 792,93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Texas Dept. of Community Affairsv. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).
Under the McDonnell Douglas-Burdine model, "[t]he plaintiff [must] prove . . . (1) that he or she belongs to a protected class; (2) that he or she applied and was qualified for the position in question; (3) that despite his or her qualifications, the individual was rejected; and (4) that after the individual was rejected, the position remained open." (Internal quotation marks omitted.) Ann Howard's Apricots Restaurant,Inc. v. CHRO, supra, 237 Conn. 225.[3] "Once the plaintiff establishes a prima facie case, however, the burden of production shifts to the defendant to rebut the presumption of discrimination by articulating (not proving) some legitimate, nondiscriminatory reason for the plaintiff's rejection." (Internal quotation marks omitted.) Id. "Once the defendant offers a legitimate, nondiscriminatory reason, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the proffered reason is pretextual." (Internal quotation marks omitted.) Id., 226.
In the present case, the defendant argues that the plaintiff cannot establish that the defendant terminated the plaintiff with discriminatory intent. The plaintiff, on the other hand, argues that she has sufficient evidence to support an inference of such intent. Even assuming, arguendo, that the plaintiff is able to meet her burden of establishing a prima facie case of discrimination, the defendant is entitled to judgment as a matter of law because the documents that accompany the motion for summary judgment evidence a legitimate, nondiscriminatory business reason for the defendant's employment decision.
In support of its argument, the defendant submits the affidavit of Nicholas Proto, in which he avers that he is responsible, among other things, for overseeing all aspects of student academics. Proto asserts that the academic policy, as set forth in the student handbook, provides that a candidate who fails an examination and then a make-up examination is subject to dismissal. Proto further asserts that the plaintiff was a member of a class of candidates that consisted of three women, six African Americans and three Hispanics. He avers that other than the plaintiff herself, none of the plaintiff's class members, irrespective of their gender or ethnic origin, failed a make-up examination during their tenure at the academy. Proto further avers that his recommendation to the CT Page 1452 board that the plaintiff should be dismissed from the academy was based upon the plaintiff's academic and practical performance.
The defendant also submits the affidavit of Richard Epstein, in which he avers that the board terminated the plaintiff's employment based upon the plaintiff's poor academic record. Epstein further states that the board's decision to terminate the plaintiff's employment was not motivated or influenced in any way by the plaintiff's gender or ethnic origin. Thus, notwithstanding the plaintiff's claims to the contrary, this neutral application of the academy's policies, as evidenced by the averments of Proto and Epstein in their affidavits, is sufficient to rebut the plaintiff's prima facie case of discrimination. The plaintiff must now overcome the rebuttal of her prima facie case by proving some discriminatory intent on the part of the defendant in making its employment decision. Ann Howard's Apricots Restaurant, Inc. v. CHRO, supra, 237 Conn. 226.
The plaintiff argues that her failure to meet the academic standards of the academy is not the real reason for her termination. She argues that the real reason she was terminated is because she is a female. She argues, for example, that the male candidates who failed to meet the academy's academic requirements were permitted to continue training without being terminated. Unfortunately, the plaintiff provides this court with no evidence to support her claim that this is the case or that she was discriminated against because of her gender or ethnic origin. The mere fact that the plaintiff is an Hispanic woman is not sufficient evidence to permit a jury to infer that ethnicity or gender was at least one of the motivating factors in the defendant's employment decision, and that is the only fact relevant to race and gender that is before the court. Absent such evidence, the plaintiff has failed to meet her burden of demonstrating the existence of a genuine issue of material fact.Peerless Ins. Co. v. Gonzalez, supra, 241 Conn. 481. The defendant, therefore, is entitled to judgment as a matter of law.
For the foregoing reasons, the defendant's motion for summary judgment (#109) is granted.
Jonathan E. Silbert, Judge